IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZMIE MADANAT, | No. C 10-04100 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION AND TRANSFERRING CASE** |
| v. | |
| FIRST DATA CORPORATION et al., | |
| Defendants. | |

On January 21, 2011 the Court heard argument on defendants' motion to dismiss or, in the alternative, transfer plaintiff's complaint. For the reasons set forth below, defendants' motion is GRANTED and this case is TRANSFERRED to the Eastern District of New York.

**BACKGROUND**

This case was removed from San Mateo County Superior Court on September 13, 2010. In his complaint, plaintiff seeks to represent a class of similarly situated merchants in order to challenge defendants' allegedly unlawful and unfair business practices. Defendants First Data Corporation and First Data Merchant Services Corporation lease credit card point of sale (POS) equipment to merchants, including credit card processing terminals, printers, and PIN pads. Compl., ¶ 2. Plaintiff alleges that defendants engage in illegal and unfair practices by routinely overcharging merchants on their monthly leases and treating the leases as non-cancellable and imposing a "Lease Break Penalty." The Lease Break Penalty results in defendants continuing to charge merchants for monthly payments after the POS equipment has been returned and enforcing acceleration clauses to attempt to collect all remaining lease payments. *Id.*, ¶¶ 3-4.

Plaintiff asserts five California state law causes of action. The first is for violation of the Unfair Competition Law (UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*) because: (a) defendants' imposition of the Lease Break Penalty is illegal under Cal. Civil Code sections 1670.5 and 1671; (b) defendants' conduct is unfair because it forces merchants to pay for illegal and unconscionable monthly charges and penalties; and (c) fraudulent because defendants' conduct is deceptive in forcing merchants to pay for charges and penalties that are illegal and unconscionable. The second cause of action is for breach of contract, the third is for breach of the covenant of good faith and fair dealing, the fourth is for unjust enrichment, and the fifth is for declaratory relief.

Defendants move to dismiss the complaint, or in the alternative, to transfer the case to the United States District Court for the Eastern District of New York pursuant to a forum selection clause in the Program Guide that formed part of the parties' contract. Defendants also move to dismiss for failure to state a claim, arguing that the claims must be plead under New York law, given the choice of law provision in the parties' contract, and that the complaint fails to state a claim under either New York or California law.

**LEGAL STANDARD**

Federal law governs the enforceability of forum selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Motions to dismiss based on a forum selection clause are treated as a Rule 12(b)(3) motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The pleadings need not be accepted as true and the Court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998) and *Argueta*, 87 F.3d at 324). Forum selection clauses are presumptively valid and "the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)); *see also Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005) ("[W]e presume that the shareholder agreement's forum selection clause is *prima facie* valid and enforceable unless the Hendricks can show that

enforcement would be 'unreasonable' under the circumstances.").

"A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court,'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (internal citations omitted).[1]

## DISCUSSION

### I. Forum Selection Clause was Not the Result of Fraud, Undue Influence or Overreaching

Plaintiff argues that as defendants' forum selection clause was motivated by defendants' bad faith and secured by overreaching, it should not be enforced. As to the first argument, plaintiff contends that defendants' lack of any substantial connection to New York shows that the selection of New York was in bad faith and sought to dissuade plaintiffs from pursuing legitimate claims. *See* Oppo. at 11 (arguing that defendants' principal place of business are in Georgia and neither defendant is incorporated in New York); *see also* Oppo. at 8. However, as defendants explain, defendants have substantial operations in Suffolk County New York. *See* O'Connell Decl., ¶¶ 4-5. Defendants disclosed this fact in the forum selection clause itself. Compl., Ex. B § 33.2 ("**Venue**. We have substantial facilities in the State of New York and many of the services provided under this Agreement are provided from these facilities."). Given the connection between defendants' operations and New York, the Court does not find that the selection of New York as the forum was the result of defendants' bad faith. *Cf. Carnival Cruise Lines v. Shute*, 499 U.S. at 595 ("Any suggestion of such a bad-faith motive is belied" in part by fact that defendant had principal place of business in forum selected); *Nagrampa*, 469 F.3d at 1288 (favorable treatment of forum selection clauses is conditioned in part on the place chosen having

---

[1] Plaintiff challenges the forum selection clause on two grounds: unconscionability under *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (finding an arbitration clause unconscionable) and fundamentally unfair or unreasonable under *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991) (addressing enforceability of forum selection clause). As discussed above, the enforceability of forum selection clauses is determined under the fundamentally unfair or unreasonable standard from *Shute,* as refined by the Ninth Circuit in *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320. Plaintiff's reliance on cases discussing problems with forum selection clauses *within* challenged arbitration provision are, therefore, largely inapposite.

3

some logical nexus to one of the parties or the dispute).

Plaintiff's argument that the forum selection clause was obtained by overreaching, because defendants did not reasonably communicate the forum selection clause to plaintiff, is also misplaced. Plaintiff contends that because he was not physically provided with a written copy of the Program Guide which contained the forum selection clause, but was only provided with an internet link to the Program Guide, he was not adequately notified of the clause *See* Oppo. at 13. On the facts of this case, the Court finds that reasonable notice of the forum selection clause was provided. First, the "Confirmation Page" signed by Mr. Madanat provided that "[c]lient acknowledges that it received (either in person, by facsimile, or by electronic transmission) and read the complete Program Guide." *See* Motion to Dismiss, Ex. A. That same page provided an electronic link to where the Program Guide could be found online. *Id*. Second, in his declaration, Mr. Madanat complains only that the documents he received were limited to the two signature pages to the agreement. Plaintiff does *not* dispute that he was provided with a link to the Program Guide prior to entering into the agreement and his declaration is conspicuously silent on whether he actually reviewed the Program Guide containing the venue provision prior to signing the "Confirmation Page."

Plaintiff relies on *O'Brien v. Okemo Mt.*, 17 F. Supp. 2d 98 (D. Conn. 1998) to argue that notice of the forum selection clause was not reasonably provided in this case. In *O'Brien*, the district court refused to enforce a forum selection clause that was printed "in very small typeface with only a single word capitalized" on the back of a ski ticket, where "the front of the ticket contains no instruction to read its back" and the ticket was affixed directly to the skier's jacket. *Id*. at 103. The facts of *O'Brien* are wholly absent in this case where defendant's ink signature on the Confirmation Page confirmed he had read and agreed to the provisions in the Program Guide, which was made available for his review prior to his signing the agreement. Plaintiff does not argue that the forum selection clause was somehow buried in the Program Guide, presented in reduced font, or otherwise arranged so that it wouldn't be noticed by Mr. Madanat or other merchants. Simply put, the facts of this case do not suggest that the forum selection clause was secured by defendants' overreaching. *Cf. Rivera v. Centro Medico de Turabo, Inc*., 575 F.3d 10, 22 (1st Cir. 2009) (rejecting claim of overreaching as to forum selection clause in form contract where "[t]he language of the clause was clear. The clause was in bold print and

4

marked off from the rest of the one-page form by a special box. It was not 'buried in fine print' or otherwise obscured.").[2]

## II. The Selected Forum is Not so Inconvenient as to Deprive Party of His Day in Court

Plaintiff asserts that the forum selection clause is unduly oppressive because it would require plaintiff, an individual merchant, to fly to New York to litigate an adhesive contract that was signed and performed in California. Oppo. at 8. However, plaintiff provides no evidence why he *cannot* litigate this case beyond the assertion that litigating this case in New York would impose a "substantial burden" on plaintiff because travel and lodging expenses "would likely exceed the total recovery I am seeking in this case." Madanat Decl., ¶ 13. Mr. Madanat does not say that he cannot afford to incur those expenses, and that fact that it might not make financial sense to do so as an individual litigant does not show a hardship that would deprive him of his day in court in this class action case. *But see Murphy*, 362 F.3d at 1143 ("combination of [plaintiff's] alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin.").

## III. Enforcement Does Not Contravene a Strong Public Policy of California

Finally, plaintiff argues that enforcement of the forum selection clause would violate various strong public policies of California because New York's consumer protection statute has a narrower scope of liability than California's UCL, and California Civil Code section 1671 – which limits contractual liquidated damages and forms the predicate violation for his "unlawful" UCL claim – is a fundamental policy of California that should be enforced against defendants under California law.[3]

---

[2] Plaintiff also argues that the differential in power between the parties and the fact that plaintiff agreed to a non-negotiated form contract demonstrate that enforcement of the forum selection clause would be fundamentally unfair. Those arguments, however, have been foreclosed by the Ninth Circuit. *See, e.g., Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004) (to "decline enforcement of a forum selection merely on the showing of non-negotiability and power difference . . . would disrupt the settled expectations of the parties.").

[3] Plaintiff does not make this argument under the "fundamentally unfair" analysis required by *Shute* and *Argueta v. Banco Mexicano*. Instead, he raises it as part of an inapposite discussion of unconscionability and as part of his objection to enforcement of the choice of law provision requiring application of New York law. Oppo. at 9-10, 15-16.

5

Plaintiff relies on *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009), where the Ninth Circuit refused to enforce a forum selection clause as the forum selected – Virginia state court – would force plaintiffs to waive both their right to proceed as a class action and to receive enhanced remedies under the California Consumers Legal Remedies Act (CLRA), which has a provision preventing the waiver of its protections. *Id.*, at 1084-85; *see also* Cal. Civ. Code § 1751 (CLRA provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."). As the Ninth Circuit recognized, the California Court of Appeal specifically found that enforcement of an identical forum selection clause would violate California's strong public policy in favor of allowing class actions and against waiver of protections provided under the CLRA. *America Online, Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal. App. 4th 1 (Cal. Ct. App. 2001) (refusing to enforce Virginia forum selection clause).

Plaintiff does not, however, show that any of the considerations present in the *Doe 1 v. AOL* case apply here. Plaintiff does not contend that he would be barred from pursuing his claims in a class action in the Eastern District of New York. Plaintiff does not address whether New York limits liquidated damages, as California does under Cal. Civ. Code section 1671. Finally, unlike the CLRA – which prohibits waiver of its protections for consumers – the UCL does not contain an anti-waiver provision. Therefore, even if plaintiff is correct that New York's unfair and deceptive acts and practices (UDAP) statute would not cover a merchant's unfair competition claim against another business (*see* Oppo. at 9), plaintiff has not demonstrated that forcing him to proceed in the New York forum without a unfair practices claim would contravene a strong public policy of California.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' Rule 12(b)(3) motion. (Docket No. 8). As plaintiff has requested that the Court transfer the case in lieu of dismissal, the Court ORDERS this case transferred to the Eastern District of New York

**IT IS SO ORDERED.**

Dated: January 21, 2011

SUSAN ILLSTON
United States District Judge